USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   In re:

   SOUNDVIEW ELITE LTD. et al.,

                                  Debtors
-------------------------------------------------------------
   GEORGE LADNER,

                                Appellant,
             -against-

   CORRINE BALL, as PLAN ADMINISTRATOR
   of SOUNDVIEW ELITE LTD, et al.,

                                Appellee.
------------------------------------------------------------X

19 Civ. 3739 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Appellant George Ladner appeals the April 11, 2019, Order of the Bankruptcy Court for the Southern District of New York (the "April Order"). The April Order granted Corrinne Ball's (the "Plan Administrator's") request that the Bankruptcy Court direct the Bankruptcy Clerk of Court enter judgment pursuant to a June 16, 2015, Order holding Ladner in civil contempt and directing him to pay the Plan Administrator's attorneys' fees related to bringing a civil contempt motion (the "Contempt Order"). For the following reasons, the appeal is dismissed and the April Order is affirmed.

**I.    BACKGROUND**

      In September 2013, Soundview Elite Ltd., Soundview Star Ltd., Elite Designated, Premium Designated, and Star Designated (collectively, the "Debtors") filed bankruptcy petitions under Chapter 11 of the Bankruptcy Code. The Plan Administrator served as the Debtors' Chapter 11 trustee for the Chapter 11 cases (the "Main Case"). In April 2014, the Plan

Administrator commenced an adversary proceeding against Soundview Composite (the "Composite Case"). As part of the Composite Case, former counsel for Soundview Composite requested that funds be retained to pay for legal representation in a related matter. The Bankruptcy Court granted this request (the "Retainer Order"). It was revealed thereafter that Soundview Composite's operators, including Ladner, violated the Retainer Order by diverting portions of the retained funds. The Plan Administrator filed a motion seeking to hold Ladner and others in civil contempt for violating the Retainer Order. The Bankruptcy Court granted the motion and issued the Contempt Order. Among other matters, the Contempt Order held Ladner and the others jointly and severally liable for the Plan Administrator's attorneys' fees incurred in bringing the motion. Ladner appealed the Contempt Order before the Bankruptcy Clerk of Court entered final judgment. The District Court affirmed the Contempt Order on March 23, 2016. The Bankruptcy Clerk of Court, however, did not thereafter enter final judgment in respect to the attorneys' fees award. The Composite Case was formally closed on January 31, 2018. On April 5, 2019, the Plan Administrator filed a letter in the Main Case requesting that the Bankruptcy Court direct the Bankruptcy Clerk of Court to enter judgment as to the attorneys' fees award. The letter was filed on the docket of the Main Case and served on Ladner. The April Order was issued thereafter, granting the Plan Administrator's request. This appeal followed.

**II.      STANDARD**

"District courts review the legal conclusions of the Bankruptcy Court *de novo*, and its findings of fact under the clearly erroneous standard." *In re AMR Corp.*, 610 B.R. 434, 444 (S.D.N.Y. 2019) (internal citation and alterations omitted). Factual findings are clearly erroneous "where a reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *In re Bernard L. Madoff Investment Securities, LLC*, 605 B.R. 570, 582

2

(S.D.N.Y. 2019) (quoting *In re Manville Forest Prods. Corp.*, 896 F.3d 1384, 1388 (2d Cir. 1990)). A pro se filing is granted "special solicitude" and is interpreted to raise the strongest claims that it suggests. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

### III. DISCUSSION

Appellant offers three reasons to overrule the April Order. First, that the April Order was filed in the Main Case, even though it relates to the Composite Case. Second, that the Plan Administrator unjustifiably delayed in seeking the entry of judgment. Third, that Appellant is unduly injured by the delay. The Court rejects these grounds, and the appeal is dismissed.

First, the April Order should not be overruled because the Plan Administrator filed its letter in the Main Case as opposed to the Composite Case. The Plan Administrator took steps to ensure that Appellant was aware of the letter requesting the April Order, and Appellant acknowledges that he was aware of the letter. Given this, the letter was not an *ex parte* communication with the Bankruptcy Court. *See Amadasu v. Ngati*, No. 05 Civ. 2585, 2013 WL 4711260, at *1 n.2 (E.D.N.Y. Sept. 1, 2013) (a communication is not *ex parte* where "[i]t is evident from the record that plaintiff was either copied on the communication he complains of or they pertained solely to a procedural matter"). Relatedly, the Bankruptcy Court's decision to file the April Order on the Main Case docket does not make the April Order invalid.

Appellant also asserts that because the Composite Case was administratively closed before the April Order was issued, the Plan Administrator was required first to request that the case be reopened under Federal Rule of Civil Procedure 60 (made applicable by Fed. R. Bankr. P. 9024) before the April Order could be issued. This argument fails because the Bankruptcy Clerk of Court's failure to enter judgment is a clerical mistake, and Rule 60(a) permits "[t]he

3

court [to] correct a clerical mistake or a mistake arising from oversight or omissions . . . on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a); *In re PT-1 Comm's, Inc.*, 412 B.R. 85, 90 (Bankr. E.D.N.Y. 2009) ("The requirement of entry [of judgment] is a 'ministerial rule of procedure, intended to ensure that case dockets are properly maintained as useful sources of information for litigants and court personnel'") (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 910 (2d Cir. 1997)).

Second, the Plan Administrator's delay in seeking the award is not a basis for overruling the April Order. It is the Clerk's responsibility to enter judgment, not the parties. *See* Fed. R. Civ. P. 58(b)(1)(B) ("Subject to Rule 54(b), and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter judgment when . . . the court awards only costs or a sum certain") (made applicable by Fed. R. Bankr. P. 7058). The Plan Administrator had no obligation to justify the delay occasioned by the Clerk's failure to enter final judgment, and the decades-old case law that Appellant cites does not require otherwise. *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error . . . by the court . . . is ground for . . . disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights"); *Bennett v. Care Correction Solution Medical Contracted*, 15 Civ. 3746, 2017 WL 4250519, at *5 (S.D.N.Y. Sept. 25, 2017) (acknowledging the continued applicability of Rule 61). While Appellant is correct that the administration of cases, including bankruptcy cases, requires compliance with scheduling orders and rules of procedure, the Clerk's failure to make a timely filing is not the fault or responsibility of the Plan Administrator. Moreover, the delay is not a technical abandonment of the award under 11 U.S.C. § 554(c). This provision applies only where property is "not otherwise administered at the time of the closing of a case," and the Plan

Administrator sought to ensure that the judgment was entered while the Main Case was still underway. 11 U.S.C. § 554(c); *In re Mejia*, 576 B.R. 464, 469 (Section (c) occurs "automatically upon the closing of the bankruptcy case").

Finally, Appellant does not provide sufficient evidence that he was injured by the delay to warrant overruling the April Order. He contends that the Contempt Order "placed significant weight on" him and the other Soundview Composite operators, that the delay in the entry of judgment "had a chilling effect" on them, and that even without having to pay the award, the Contempt Order has already had a reputational impact. As Appellant does not explain how the delay causes these injuries or how harmful they were, and provides no evidence to support that these injuries exist, the argument is rejected.

## IV. CONCLUSION

For the foregoing reasons, Appellee's appeal is DISMISSED and the April Order is AFFIRMED.

Dated: March 17, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**